# THE PREROGATIVE COURT

### OF

## THE STATE OF NEW JERSEY.

### FEBRUARY TERM, 1895.

---

### ALEXANDER T. McGILL, ORDINARY.

---

### ROBERT S. GOULD

*v.*

### PATRICK J. MOULAHAN.

Where a married woman dies, leaving an insolvent husband surviving her, a proper third person who has borne the necessary expense of her suitable burial may recover from her estate.

---

On appeal from an order of the Essex county orphans court.

The order appealed from, discharged an order to show cause why sufficient lands of Mary E. Connolly, deceased intestate, should not be sold for the payment of her debts, which was made

341

Gould v. Moulahan.

upon the petition of Robert S. Gould, the administrator of her
estate, to which petition was annexed an account which exhibits.
that Mrs. Connolly did not leave any personal property, and
that the only claim against her estate is a bill, presented by J. B..
Dowling & Son, for the expense of her burial. It does not
appear by whose direction that bill was incurred.

Mrs. Connolly left a husband surviving her, but he is without
property from which the expense of her interment may be recov--
ered. He renounced his right to administer upon her estate, and,.
some two months after her death, letters of administration were
issued to the appellant, Gould.

The stipulation between the counsel in the case contains this.
paragraph :

"It is further agreed that the argument upon appeal be confined to the-
single question as to whether the lands and real estate of a married woman
who dies leaving a husband her surviving, are liable for her funeral expenses
and can be sold by an order of the orphans court to pay them, under the statute-
providing for the sale of lands of a decedent, where the husband of the deceased
has no property from which the undertaker's bill can be collected, and whether-
the decree of the orphans court was erroneous in this respect."

The respondent is the heir-at-law of Mrs. Connelly.

*Mr. Thomas S. Henry,* for the appellant.

*Mr. James M. Trimble,* for the respondent.

THE ORDINARY.

Every person has the right to have his or her body, after-
death, decently buried. *Regina* v. *Stewart, 12 Ad. & E. 773 ;
Chapple* v. *Cooper, 13 Mees. & W. 252 ; Patterson* v. *Patter--
son, 59 N. Y. 583 ; McCue* v. *Garvey, 14 Hun 562.* The
reasonable and necessary expense of according that right is
chargeable to his or her estate. *Patterson* v. *Patterson, supra..*
The duty of securing the right ordinarily rests with the personal
representative, and if there be no such representative, or, if exist-
ing, the representative fails to act, the exigency of the situation
will permit a proper third person to afford the right, in favor

of whom the law will imply, from the representative's obligation, a promise upon the part of the latter to reimburse the reasonable expense of the interment to the extent of the assets of the decedent's estate which may become available for that purpose. The implication of such a promise is a recognized exception to the rule that an action will not lie for a voluntary courtesy. *Force* v. *Haines, 2 Harr. 389; Patterson* v. *Patterson, supra; Lakin* v. *Ames, 64 Mass. 221.*

In case of the death of a married woman, the duty to bury her and discharge the expense of so doing, devolves upon her husband, if he shall survive her. *Jenkins* v. *Tucker, 1 H. Bl. 90; Bertie* v. *Lord Chesterfield, 9 Mod. 31; Ambrose* v. *Kerrison, 10 C. B. 776; Bradshaw* v. *Beard, 12 C. B.; N. S., 344; Cunningham* v. *Reardon, 98 Mass. 538; Weld* v. *Walker, 130 Mass. 423; 2 Bright H. & W. 521; MacQueen H. & W. 191; Schouler H. & W. § 412; Evers. Dom. Rel. 305.* His liability for the expense of the interment does not arise in virtue of any interest he may have in the wife's property, but from the personal advantage it is to himself to have those *persona conjunctæ* with him, his wife and lawful children, properly maintained during life and suitably buried at death.

The question whether, if the husband shall perform this duty, he may be reimbursed from his wife's separate estate, is not presented in this inquiry. The cases dealing with that subject appear to be somewhat at variance. See, among others, *Gregory* v. *Lockyer, 6 Mad. Ch. 63; McCue* v. *Garvey, 14 Hun 562; Freeman* v. *Coit, 27 Hun 447; In re McMyn, 33 Ch. Div. 575; Darmody's Estate, 13 Phila. 207.*

The point in the present inquiry is whether, where the husband is unable to bear the expense of his wife's burial, her estate may be held liable for it.

But for the husband's survival of his wife, the obligation to bury her and to pay the expense of that burial would rest upon the representative of her estate. Is the husband's obligation in such case substituted for the representative's so that its existence discharges the representative's, or is it additional and primary thereto? I am of opinion that the latter clause of this question

is entitled to the affirmative answer; that there is a double obligation when a married woman dies leaving a husband, a primary obligation on the husband and a secondary obligation upon the representative of her estate, and that the mere existence of the husband's primary obligation does not discharge the estate's secondary obligation, although the husband's performance of his obligation may effect such discharge. The wife is entitled to be suitably buried at the expense either of her husband or of her estate, otherwise the wealthy wife of an insolvent husband might be subjected to the burial of a pauper. And it appears to me to follow that upon the failure of the primary obligation, for any reason, the secondary may be enforced. Common decency and humanity is regarded by the authorities as authorizing a speedy burial of a decedent by any proper person, unobstructed by hesitation in measuring the responsibilities of the husband and representative, and such exigency affords a strong reason why both those responsibilities for reimbursement should remain available.

By the stipulation in the present case it appears that the husband is insolvent, and therefore any effort to recover from him as the primary obligee would be abortive, and hence that immediate demand against the representative is proper.

My conclusion is that the order appealed from must be reversed.