This is a partition suit in which the bill was filed by complainant as one of the heirs-at-law of William Fitz Randolph, against the other three heirs-at-law, their wives, judgment creditors of the individual heirs-at-law aforesaid and creditors of the ancestor. Partition sale free of liens was decreed; and the selling master reported net proceeds of $3,854.89.
The order of distribution thereafter made, (after providing for payment of various fees, costs and allowances incident *Page 381 
to the present suit), directed the master to pay one-quarter of the net residue to First National Bank of Dunellen (which had acquired, prior to this suit, the undivided one-quarter share of Frederick, one of the four heirs-at-law), and to pay into court the other three-quarters of the residue to await proof as to the administration expenses incident to the settlement of the estate of the ancestor William, and be thereupon distributed in accordance with the provisions of paragraph 4 of the final decree theretofore entered herein.
That paragraph adjudged and decreed that the shares or interests of the three heirs other than Frederick were all subject to the debts of the ancestor and the administration expenses incident to the settlement of his estate. The debts due to the several creditors of the ancestor were severally set forth in that decree, and amounted to $12,463.79. The costs and expenses of administration of the ancestor's estate in the orphans court have been fixed and determined by decree of that court at $820.36. The fund paid into court representing the shares of the three heirs is only $1,821.39.
The question arising on the present application therefore is: to whom and in what amounts shall the $1,821.39 be paid? — since it is obviously insufficient to pay all.
The executors of the ancestor (who left a will which failed to dispose of his real estate) claim the right to priority in payment for the $820.36 expenses of administration in the orphans court, aforesaid. The only party objecting thereto is the defendant First National Bank of Dunellen, a creditor of the ancestor. Its objection goes to the extent of contending that this administration expense is not entitled to any payment out of the fund in court.
The fund in court is the proceeds of sale of the shares of the three heirs aforesaid. The reference master reported that these shares were subject to the debts of the ancestor and theexpenses of administration of the ancestor's estate. No exception to the master's report on this point was taken by the Dunellen bank or any other party, and the final decree confirmed the finding of the master. That finding is therefore beyond attack at this time. It may not be out of place *Page 382 
however to state that the finding of the master in this respect seems eminently just and proper, inasmuch as the executors had taken proceedings in the orphans court to sell the lands for payment of the debts.
Neither the master's report nor the final decree, however, makes any determination as to whether these two claims stand on an equal footing, or whether one or the other is entitled to priority of payment. That question is still open and must now be determined.
The claims of the Dunellen bank as creditor were fixed and determined by judgments in suits brought by the bank against the executors of the ancestor; but those judgments, as such, gave the bank no lien upon the lands which descended to the heirs. See theJudgments act, 3 Comp. Stat. p. 2955; Riley v. Riley, 92 N.J. Eq. 465,113 Atl. Rep. 777. The only lien this creditor did have on the lands, was that general lien enuring to it as a creditor of the ancestor by virtue of the Orphans Court act, — P.L. 1898,ch. 234, § 81, c.f. also § 94. Haston v. Castner, 31 N.J. Eq. 697; Riley v. Riley, supra. That lien enures to the benefit of all creditors of the ancestor, and hence gives the Dunellen bank no greater or higher right in the lands than that enjoyed by any general creditor whose claim has been proved or admitted.
Under section 43 of the Partition act, P.L. 1898, p. 659, the effect of the order for sale free and clear of this lien is to transfer it to the proceeds of sale and to require this court to make such distribution of such proceeds among the creditors of the ancestor as would have been made in the orphans court if a sale had been had in that court under a proceeding for sale of lands to pay debts. Cf. First Nat'l Bank of Freehold v.Thompson, 61 N.J. Eq. 188, at 201, 202, 48 Atl. Rep. 333.
Usually the creditors of the ancestor are not parties to the partition suit and payment of the aggregate amount required is made to the executor or administrator for distribution by the latter among the creditors. In the present case all the creditors of the ancestor were brought in, and the respective amounts due them were ascertained by the master and set forth in the final decree, so that distribution *Page 383 
directly to them can be made by the order of this court, — and has been so directed by the order of distribution heretofore made herein.
Section 95 of the Orphans Court act provides, as to moneys arising from the sale of land to pay debts, that the executor or administrator shall apply the same first to the payment of "debts and just expenses," — and the surplus if any to the heirs or devisees. Sections 99 and 110 provide that the preferred debts and such reasonable allowance as may be decreed by the court to the executor or administrator shall be first paid, and thereafter the other debts proportionately. The preferred debts are enumerated in section 66, — judgments recorded against decedent in his lifetime; funeral expenses; physician's bill for last illness; and (by amendment, P.L. 1916 p. 62) nurse's bill for last illness. The Dunellen bank's claim comes within none of these classifications.
The payment of administration expenses is not specified in section 66 as entitled to priority; but this by no means warrants a conclusion that such expenses are not entitled to priority, — especially when it is observed that the statutory direction as to the payment and distribution of these assets makes the provisions in §§ 95 and 110 above mentioned, for payment of these expenses. The justifiable conclusion is that the legislature assumed that naturally such expenses must and would be paid first. That conclusion is strengthened by the fact that a considerable research discloses no reported case in this state in which a contrary view has ever heretofore been asserted by any
creditor, general or preferred.
At common law these expenses were entitled to preference in payment over the debts due to creditors. 24 C.J. 423. InHaines v. Price, 20 N.J. Law 480, at 484, the supreme court says that to the preferred debts named in the statute there should be added "doubtless by construction of law, the expenses of administration, which would be allowed first after payment of funeral expenses." (Funeral expense is deemed a first and paramount charge on the decedent's estate for obvious reasons of public policy. Sullivan v. Horner, 41 N.J. Eq. 299,7 Atl. Rep. 411.) *Page 384 
The administration of a decedent's estate is of course analogous to the administration of the assets of a defunct corporation. The Corporation act specifically provides in sections 85 and 86 for the payment of administration expense out of the assets, ahead of any other claim. The court of errors and appeals in Seidler v. Branford Restaurant, 97 N.J. Eq. 531,128 Atl. Rep. 166, not only holds that the payment of administration expense comes ahead of even the claim of a prior mortgagee, but also points out that the statutory provisions mentioned are simply the expression of a fundamental principle and rule.
The expense of administration in the instant case is therefore entitled to payment ahead of the claims of the Dunellen bank or the other creditors of the ancestor. It seems scarcely necessary to add that the order of the orphans court fixing the amount of the administration expense was one within the jurisdiction of that court and in a cause in which it had jurisdiction, and in the course of the proper exercise of that jurisdiction; it is therefore not subject to review in this court, and no consideration has been given to the objection expressed in that behalf on the oral argument.
The order will be that such expense, as determined by the decree of the orphans court, shall be paid to the defendant executors out of the fund in court, and that the remainder of the fund be paid to the several creditors in proportion to the amount of their claims as fixed and set forth in the final decree herein. *Page 385