FREDERICK A. YOUNG, PLAINTIFF-APPELLANT, v. JOHN HOWARD CONOVER, EXECUTOR OF THE ESTATE OF IDA C. KYLBERG, DECEASED, DEFENDANT-RESPONDENT.

Argued January 20, 1938—Decided May 14, 1938.

Before Justices CASE and DONGES.

For the plaintiff-appellant, *Harry Silverstein.*

For the defendant-respondent, *J. Howard Conover, pro se.*

The opinion of the court was delivered by

DONGES, J.    Plaintiff, a licensed undertaker, sued to recover from defendant, as executor, &c., of Ida C. Kylberg, deceased, the sum of $385.20 for funeral expenses for the burial of the decedent.

Defendant executor filed a specification of defenses, setting up three defenses, first, that the defendant, as executor, did not order the services to be furnished; second, that an order barring creditors had been entered pursuant to the statute, and that this was a bar to the present claim, no claim having been filed by plaintiff within the time limited by said order; and third, there was no proof of assets in the estate with which to pay the claim.

The state of case settled by the trial judge discloses that decedent died February 1st, 1935; that the defendant did not order the funeral, but that the son of decedent ordered same from plaintiff; that the charge therefor was reasonable; that the defendant executor had sufficient moneys or assets of the estate to satisfy the plaintiff's claim; that decedent's will directed the executor to pay funeral expenses; that the will of decedent was duly probated and defendant was duly appointed and qualified as executor of said estate on February 13th, 1935; that on February 16th, 1935, an order was entered limiting creditors and on August 17th, 1935, an

order barring creditors was duly entered; and that plaintiff failed to file his claim under oath within the time limited in said order limiting creditors.

The trial judge determined that the failure of appellant to file his claim within the time limited by the rule to limit presentation of claims and the rule barring creditors operated to defeat the claim of appellant, and gave judgment against him. In view of the findings of fact as to the matters submitted, as to which there is no controversy, we conclude that it is necessary to consider the single question upon which the trial judge found against the appellant.

By the several sections of the Orphans Court act dealing with claims against a decedent's estate, it would appear that funeral expenses are put in a different class from debts of the decedent. Judgments entered of record in the lifetime of decedent, funeral expenses, physicians' and nurses' bills during the last illness are to be first paid. It is further provided that no suit may be brought against an executor or administrator within six months of appointment, except for funeral expenses.

The sections of the statute providing for the entry of an order requiring the presentation of claims and demands against the estate within a time limited and for the rule to bar claims and demands not so presented, use the terms "creditors of the decedent" in section 67 and "creditors of the deceased" in section 68 of the Orphans Court act.

By a strict interpretation of the statute, it appears that only claims and debts of creditors of the deceased are subject to the limitations imposed by these sections. In *Sullivan* v. *Horner,* 41 *N. J. Eq.* 299, Chancellor Runyon, in discussing the status of funeral expenses, said: "It has been held that the claim for funeral expenses is not to be regarded as a debt at all, but as a charge upon the estate. *Patterson* v. *Patterson,* 59 *N. Y.* 574. * * * The dictates of humanity, no less than the decencies of enlightened society, demand that the reasonable funeral expenses, and the physician's bill of the last sickness of a deceased debtor, be preferred in payment to all other claims or debts."

Such seems to be the rule in other jurisdictions. In *Rice* v. *N. Y. C. and H. R. R. Co.*, 195 *Mass.* 507; 81 *N. E. Rep.* 285, it was held: "The presumption is that funeral expenses are incurred on the credit of the estate of the deceased." To the same effect is *Phillips* v. *Phillips et al.*, 32 *Atl. Rep.* 963.

The Supreme Court of Indiana, in *Hildebrand* v. *Kinney*, 172 *Ind.* 447; 87 *N. E. Rep.* 832, said, in dealing with the statute of limitations: "As to a claim for funeral expenses and burial, we think a different rule should, and does, apply. They are not debts of the decedent, hence not accounts against him, or his estate, within the meaning of the statute of limitations. They can arise from no request or obligation of decedent, express or implied, unless it might be under the provisions of a will. They are liabilities or charges against his estate, raised up and imposed by law, as distinguished from obligations arising by some act or promise of the decedent. They stand in the same category as the expenses of administration. An administrator is a trustee for the payment of funeral expenses, because they are impositions of the law, precisely and for the like reasons that he is a trustee for the persons who are entitled to the distributive shares of an estate by virtue of the statute of descents, or for creditors of the estate proper."

We conclude that our statute recognizes a distinction between debts of the decedent and liabilities of his estate, and, as to the former, they may be required to be presented to the executor or administrator within a limited time, but not so as to the latter. Sound reason may be urged for this distinction. It is obvious that one undertaking administration of an estate knows that expenses have been incurred in the proper care and burial of the body of the deceased, but he may be wholly unaware of the debts and liabilities incurred by the deceased in his lifetime. Hence, in the proper disposition of decedent's estate, and in justice to all creditors of the decedent, such creditors are called upon to submit their claims within a limited time.

The judgment is reversed, with costs to abide the event.