UNION COUNTY ORPHANS COURT.

IN THE MATTER OF THE ESTATE OF EUSTACE MORTON CUNNINGHAM, DECEASED.

Decided January 9, 1939.

Administrator, *pro se, Harry Silverstein.*

McGRATH, C. P. J. The question has arisen in this estate as to whether, where a decedent leaves less than $200, the money should be applied to his reasonable funeral expenses, or whether the widow can claim the money under the statute which provides an exemption to the value of $200 "against all creditors, and before any distribution or other disposition thereof." In other words, in such a case, is the decedent to be left to be buried in a pauper's grave at the expense of the public, or at the expense of some unsuspecting undertaker, while the widow takes the money by virtue of the statute? This proposition is repugnant to natural decency as well as natural justice and the court should not adopt any such construction of the statute unless it is very plain that the legislature intended such a situation. Statutes in derogation of common law should be construed strictly, and in view of the nature of funeral bills and the attitude of the common law toward them, it seems consistent with common sense to hold that when the legislature used the words "all creditors," it did not intend to include those who perform the last funeral rites for the decedent. See *Sullivan* v. *Horner,* 41 *N. J. Eq.* 299; 7 *Atl. Rep.* 411; *Young* v. *Conover,* 120 *N. J. L.* 267; 199 *Atl. Rep.* 390; *Schouler's Wills, Executors and Adminis-*

*trators* (*6th ed.*), §§ 2750, 2585. At common law funeral bills were not regarded as debts but as a charge upon the estate, and this attitude is also expressed in the time honored phrase, which has been employed in wills from time immemorial: "I direct that all my just debts and funeral expenses be paid."

There was no such exemption at common law and the statute granting an exemption "against all creditors" must be construed in the light of the nature of a funeral bill as regarded by the common law. I therefore conclude that the statutory exemption in this case was not intended to apply against the reasonable funeral bills of the decedent.