56 N.J. Super. 428 (1959)
153 A.2d 390
RICHARD HAEBERLE, JR., AND HUGO BARTH, JR., TRADING AS HAEBERLE & BARTH, PLAINTIFFS,
v.
AUGUST J. WEBER, EXECUTOR OF THE ESTATE OF WILLIAM FREDERICKS, DECEASED, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided June 24, 1959.
*430 Mr. Charles M. Grosman, attorney for the plaintiffs.
Mr. W. Eugene San Filippo, attorney for the defendant.
CONKLIN, J.C.C. (temporarily assigned).
William Fredericks, the decedent, a resident of Newark, New Jersey, died on January 6, 1959, leaving a last will and testament under which the defendant was appointed executor. The widow of the decedent, Emilie Fredericks, engaged the plaintiffs to arrange for the burial of her husband. The plaintiffs, in response to the widow's request, furnished a funeral known as the "standard funeral" at a price of $975, together with extras in the sum of $236.55, making a total of $1,211.55.
The plaintiffs presented the funeral bill to the defendant, the executor of the last will and testament of the decedent. Defendant refused to make payment on several grounds: (1) The widow did not seek the advice of the defendant as to the manner and mode of the burial; (2) the defendant was the executor under the will, and as such, had the sole authority to inter the decedent; (3) the funeral expenses were incurred directly by the widow and not as part of the obligation of the decedent's estate; (4) the funeral expenses were unreasonable.
The plaintiffs move pursuant to R.R. 4:58-1 et seq., on the grounds that there is palpably shown through the pleadings and affidavits no genuine issue of fact but that the executor of the decedent's estate is obligated to discharge the funeral expenses.
The law in New Jersey regarding the obligation of the executor of a decedent's estate to pay for funeral *431 expenses is sparse, and that which is available on this narrow issue is antiquated. There can be gleaned from the cases, however, a guiding principle which holds the public policy of the state to be in favor of the prompt and decent interment of the dead. Where the funeral expenses have been incurred by the executor or administrator, the courts have held that he is liable in his representative capacity and not individually, even though personally incurred by him. Campfield v. Ely, 13 N.J.L. 150 (Sup. Ct. 1832); 21 Am. Jur., Executors and Administrators, § 330, p. 568 et seq. It would thus appear that the obligation is in the nature of a debt against the estate rather than a debt which is an individual obligation of the contracting party. This theory is borne out in N.J.S. 3A:24-2, which makes the decedent's funeral expenses a preferred claim on the assets of the estate.
Under the early common law, funeral expenses were treated as debts to which the executor or administrator was liable on an implied promise. Under the modern theory of administration of decedent's estate, some authorities hold that funeral expenses are not, strictly speaking, expenses of administration, but are to be classed with debts of the estate on which an action at law may be brought against the executor in his representative capacity. Other authorities lean to the effect that a claim for funeral expenses is not a debt of the decedent, but a charge against the estate imposed by law, necessitated by the conveniences and well-being of society. Irrespective of the theory, the courts are accustomed to allowing reasonable funeral expenses against the estate, this even though they were not ordered or authorized by the executor or administrator. 21 Am. Jur. 586, Executors and Administrators, § 330, p. 586 et seq., 35 A.L.R.2d 1399.
N.J.S. 3A:24-2, which allows funeral expenses first preference on the assets of the estate, together with respectable secondary authority, 7 N.J. Practice (Clapp, Wills and Administration), § 644, seem to adopt the theory *432 that funeral expenses are not a debt, be they implied or express, of the deceased or the executor or administrator, but are a charge which the law levies against the estate, necessitated by the exigencies of the obligation.
This characterization of the debt is fortified by cases which subject the estate to liability, even though they were incurred by persons other than the representative of the deceased. Young v. Conover, 120 N.J.L. 267 (Sup. Ct. 1938), in which the court held, sub silentio, that funeral expenses which were incurred by the decedent's son should be reimbursed out of the estate of the decedent. Our cases have long held that the executor or administrator is bound to provide for his decedent an appropriate funeral. De Festetics v. De Festetics, 79 N.J. Eq. 488 (Ch. 1911); Gould v. Moulahan, 53 N.J. Eq. 341 (Prerog. 1895); Sullivan v. Horner, 41 N.J. Eq. 299 (Prerog. 1886). But if he fails to act in this regard, these same cases have held that a proper third person as a matter of duty or necessity may make the funeral arrangements.
The defendant executor refuses to recognize the obligation of the decedent's estate for the funeral expenses which were incurred by the widow of the decedent on the grounds that he was not permitted to make the funeral arrangements, and, therefore, any expenses incurred by the widow for the burial of her husband were incurred as a volunteer. Without listing seriatim the preference which the law should recognize by the conflicting claims to the right of supervising a decedent's funeral, in the context of the facts of the case sub judice, we do not believe that the executor can dispute the claim of the funeral director for any reasonable funeral expenses on the grounds that the funeral preparations were made by the wife of the decedent. In no way can it be said that she, in making arrangements for the burial of her husband, acted as an officious interloper. Indeed, the affidavit of the defendant in opposition to the funeral director's motion for summary judgment affirmatively shows that the executor never made known his claim to the right to supervise the *433 burial of the decedent, if any, but instead acquiesced in the arrangements which the wife had previously made. The defendant attended the funeral burial, and for naught, we examined the affidavit but find no claim on his part to the right of supervision in the burial of the decedent.
As a concomitant to the right of the burial of a decedent, all of the authorities uniformly hold that the expenses incurred must be reasonable. The cost and the amount of the funeral expenses and burial of the decedent should correspond with his circumstances and social condition, including his station in life and the value of his estate. An excellent criterion of the expense which may be reasonably incurred for the burial of the decedent is discussed in 4 A.L.R.2d 995.
For the reasons stated, the court is of the opinion that the defendant, executor of the estate of the decedent, must recognize and discharge the funeral expenses. However, the proofs before the court do not give us any guide as to whether or not the amount which the widow expended was reasonable in keeping with the rule stated above. Where the undisputed facts show that reasonable men cannot differ as to the proper amount expended on the funeral of the decedent, no jury question would be presented. However, in this case the court cannot say as a matter of law that $1,211.55 is a proper amount to be spent on the funeral for a man in the decedent's position in life. 4 A.L.R.2d 995; 35 A.L.R.2d 1399. Upon the trial of the reasonableness of the amount expended by the widow, should a jury determine that the widow had incurred an obligation in excess of what would be considered reasonable, the defendant executor would be liable only up to the amount which should have been expended, and the widow would be held liable for any excess.
Summary judgment entered as to liability against the defendant executor, with the amount of actual liability to be determined upon the trial of the facts.
Let an appropriate order be submitted.