95 N.J. Super. 467 (1967)
231 A.2d 822
JOHN J. QUINN, TRADING AS HOPPING FUNERAL HOME, PLAINTIFF-APPELLANT,
v.
ANNA R. KOECK, ADMINISTRATRIX OF THE ESTATE OF OTTO A. KOECK, DECEASED, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 22, 1967.
Decided June 28, 1967.
*468 Before Judges GOLDMANN, KILKENNY and COLLESTER.
Mr. Louis Bort argued the cause for appellant.
Mr. James P. Lordi argued the cause for respondent (Messrs. Lordi, Lordi & Bianchi, attorneys).
*469 PER CURIAM.
Plaintiff funeral director brought suit to recover $960.34, the balance of his bill for services rendered at the funeral of Otto Koeck, deceased. He sued decedent's widow Anna Koeck, individually and as administratrix of her husband's estate, and decedent's brother, William Koeck. The county district court judge, sitting without a jury, entered judgment in favor of Anna Koeck in her individual and representative capacity and against William Koeck. (The judgment against William Koeck, who did not appear and contest the suit, was subsequently vacated because his default had not been entered, R.R. 7:9-1 and 2, and plaintiff had not applied for its entry. R.R. 7:9-4). Plaintiff appeals from that part of the judgment entered in favor of Anna Koeck in her representative capacity.
The statement of the evidence and proceedings was settled by the trial judge pursuant to R.R. 1:6-3.
Otto Koeck was critically injured in an automobile accident on December 24, 1962 while he and William Koeck were passengers in a motor vehicle operated by their brother Russell Koeck. He died as a result of the injuries on January 4, 1963. Without consulting decedent's widow, William Koeck made all arrangements for his brother's funeral with plaintiff. He was informed of the approximate cost thereof, personally selected the casket, and arranged for the burial to be in the Koeck family plot in Restland Memorial Park, Hanover, New Jersey.
Defendant Anna Koeck was overwrought with grief at her husband's death, was totally oblivious of the funeral arrangements made by William Koeck and was never consulted about the same. She testified that her brothers-in-law had promised "to pay for everything" because they felt "they killed him." She said that she and her husband were of different faiths; that during his lifetime they had agreed that he would be buried, as a veteran, in Arlington Cemetery while she would be buried in a cemetery of her faith; that her husband had told her not to spend any money for his funeral other than the amount allotted by the government *470 for a veteran's burial. She further testified that if she had had her choice in the funeral arrangements, she would have insisted that it be conducted in accordance with the aforesaid agreement. It is undisputed that the estate assets were practically nonexistent. Mrs. Koeck authorized the Veteran's Administration to pay her husband's veteran's burial allowance of $250 to plaintiff.
The trial judge concluded that plaintiff's charge of $1,219.34 for the funeral expenses was reasonable. He held that William Koeck was the only principal, had made all funeral arrangements on his own initiative and without consultation with the widow, and consequently was the only one liable for the debt.
Plaintiff contends that decedent's estate is liable for the funeral expenses despite the fact that William Koeck selected the undertaker and made all funeral arrangements.
It is well settled that the reasonable and necessary expense of providing an appropriate funeral for a decedent is chargeable to his estate. If his personal representative fails to act, or if there is no such representative, the exigency of the situation permits a proper third person to make the necessary arrangements. In such a case the law implies a promise on the part of the representative to pay the reasonable expenses of the interment to the extent of the assets of decedent's estate which may become available for that purpose. Gould v. Moulahan, 53 N.J. Eq. 341, 342-343 (Prerog. 1895); Haeberle v. Weber, 56 N.J. Super. 428, 431-432 (Law Div. 1959).
However, the cost of the funeral of a decedent should correspond with his circumstances and social conditions, including his station in life and the value of his estate. Haeberle v. Weber, supra, p. 433; Sullivan v. Horner, 41 N.J. Eq. 299, 300-301 (Prerog. 1886); Annotation, "Funeral Expenses  Amount," 4 A.L.R.2d 995, 1002 (1949).
In the instant case it is undisputed that the assets of decedent's estate were practically nonexistent, and that at the time of his death Otto Koeck was without funds, in debt, *471 and without a job. We were informed at oral argument of this appeal that a suit for decedent's wrongful death pursuant to N.J.S. 2A:31-1 was brought by Anna Koeck as administratrix ad prosequendum against Russell Koeck, and that it was settled for a substantial amount of money. However, this money did not become an asset of decedent's estate  it was for the exclusive benefit of decedent's dependents. N.J.S. 2A:31-4.
Here the estate, by payment to plaintiff of the $250 burial allotment through the Veteran's Administration, paid to the extent of available assets. Accordingly, judgment was properly entered for defendant administratrix. As to the remainder of his bill, plaintiff is left to his remedy against William Koeck, with whom he contracted.
Affirmed.