**BURNETT v. SURRATT et al.**

No. 11743.

Court of Civil Appeals of Texas. Dallas.
Feb. 3, 1934.

Rehearing Denied Feb. 10, 1934.

Juergens & Jones and Geo. C. Cochran, all of Dallas, for appellant.

A. J. Priest, Philip I. Palmer, and J. L. Johannes, all of Dallas, for appellees.

BOND, Justice.

This suit was instituted by appellees, C. P. Surratt, Mrs. E. M. Shinall, and Andrew J. Priest, to restrain appellant, Mrs. Zudie Burnett, and Julian Holtz from burying the dead body of W. A. Burnett in Dallas county, Tex., and for a mandatory order, directing said Julian Holtz to deliver the body to appellees for burial in St. Louis, Mo. The petition was presented to the trial court, and in order to hold the subject-matter in statu quo for the ultimate determination of the issues involved, the trial court, on hearing, temporarily enjoined the interment of the body, thus leaving it in the possession of the said Holtz, to hold without sepulchre.

Public policy and due regard for the public health, as well as the universal sense of propriety, require that dead bodies of human beings be decently cared for and disposed of at the very earliest moment, consistent with the exigencies of the case and due regard for the prevailing custom of the country and the religious convictions of the deceased and his family; so, in this case, in order that the issues involved may be speedily determined, the body of W. A. Burnett be reposed in its last resting place, and we believe the imprecation on the tomb at Stratford "cursed be he that moves my bones" expresses the universal sentiment of humanity against profanation, thus we have advanced the submission of this appeal, and regard the sentiment of humanity against profanation, impels courts generally to discourage delay in the interment of dead bodies. The delay in the interment of dead bodies unnecessarily is repugnant to the sentiment of humanity and should not be permitted, except under circumstances indicating a necessity or for compelling reasons therefor.

■■ There is no property in a dead man's body, in the usually recognized sense of the word, yet it may be considered as a sort of quasi property, in which certain persons have rights therein, and have duties to perform. The right to bury a corpse and preserve its remains is a legal right recognized, controlled, and directed only by courts of equity. In the exercise of equitable jurisdiction, trial courts necessarily are vested with discretionary power, which appellate courts are not authorized to disturb, except in cases where an abuse of discretion is clearly shown.

The record reveals that W. A. Burnett had been married twice, his first wife was dead and her body buried in Calvary Cemetery, St. Louis, Mo.; that he had erected at her grave a double tombstone; on one side of it was the name of his deceased wife, and on the other side a blank space left for his own name; that he often expressed to his friends and business associates that he desired his body taken to St. Louis and buried by that of his deceased wife; that he bought a grave beside her and· wanted to be buried there; that about two or' three years ago he married appellant, Zudie Burnett; but at the time of his death they were not living to·gether, for the reason, as expressed by the deceased, she had slapped him, abused him, and called him harsh and vile names, and he often expressed a very unfriendly feeling toward his wife, stating that "she left him, did not care for him, and that she wouldn't come back and take care of him while he was sick."

The record further reveals that the deceased executed a purported will, in which is stated, "I expressly disinherit my wife, Zudie Burnett, because of her striking me, cursing me and deserting me during my present illness," and further provided, "I hereby appoint and constitute Mrs. E. M. Shinall, O. P. Surratt and Andrew J. Priest joint executors, without bond, of this my last will and testament and direct that no other proceeding be had in the county court than the filing and probating of this will."

The record further discloses that the deceased had no blood relatives; that Mrs. E. M. Shinall was a sister of his deceased wife, Mr. Surratt a business associate, and Mr. Priest a friend of many years standing; that soon after the death of her husband, appellant, Mrs. Zudie Burnett, took charge of his body, caused it to be sent to the Sparkman-Holtz-Brand Funeral Home, and ordered it interred by Julian Holtz in the Restland Memorial Cemetery in the city of Dallas.

■■ It is generally conceded by most of the courts in this country that the wife, upon the death of the husband, has the primary right to possession of his body, the control of the burial, and the place of inter·ment; this right is given her in preference to all others, but circumstances may arise where such right may be forfeited, and the decedent's directions be regarded as primary and paramount to that of the· surviving wife, at least, entitled to a respectful consideration by a court of equity. There is no established rule alike to all cases, but each must be considered on its own merits. The wishes of the surviving spouse, it may be said, should be and are generally considered by the courts as paramount, if the parties were living in the normal relations of marriage, but where, as in this case, an estrangement exists, the parties separated, and hard feelings engendered by the survivor, or where the sentimental ties of human emotions are stronger to others than to the surviving spouse, the wishes of the decedent strongly impel a court of equity in holding that the decedent's wishes should prevail. As is held in the case of Fox v. Gordon, 16 Phila. (Pa.) 185: "If * * * a husband and wife should quarrel and separate: if the family relation should be destroyed and the wife should return to her parents and thenceforth become again a member of their family, and live under their protection and support, and die in those circumstances, no chancellor, it is safe to say, would interfere at the instance of such a husband to prevent the parents from burying their daughter in such place and manner as they might desire," and as held in 17 C. J. 1138: "Where deceased has indicated a preference, selecting the place of interment or expressing a wish that it should take place in a spot fixed upon, the court will effectuate this expressed desire if possible, even in the face of opposition by the husband, the widow, or the next of kin."

Thus, we are of opinion that the facts disclosed in this record authorized the court, in the exercise of its sound discretion, to stay the interment of the body pending a hearing on issues involved.

■ ■■ As related above, the deceased had no near blood relatives; he did, however, leave a written muniment intrusting all of his affairs into the hands of his sister-in-law, Mrs. Shinall, the business associate Mr. Surratt, and the trusted friend Mr. Priest, and especially designated them as the executors of his estate. Therefore, in the absence of near relatives to execute the wishes of the decedent, such named relations in such excep-

tional circumstances are, in our opinion, authorized to carry out the expressed wishes of the decedent, and to that end institute a suit in the district court of the state. A district court is a court of general original jurisdiction over all causes of actions, for which a remedy or jurisdiction is not provided (article 1909, R. C. S. 1925), therefore, since a dead body is not property, and no other court is given jurisdiction in this state to determine the rights involved in a case of such exceptional equitable controversy, it necessarily follows that the rights of the parties are cognizable in the district court.

We have considered all of the assignments presented by appellants and conclude that the district court had jurisdiction of this suit, and that the learned trial court did not abuse its discretion, restraining the interment of the body of W. A. Burnett, in Dallas county cemetery. Judgment of the lower court is affirmed.

Affirmed.