

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

October 28, 1959

Mr. Raymond F. Blount
Secretary-Treasurer
Anatomical Board of the State of Texas
University of Texas Medical Branch
Galveston, Texas

Opinion No. WW-720

Re: Whether the Anatomical Board
may be the donee of an entire
body of an individual by his
last will or other instrument,
pursuant to the provisions of
House Bill 264, Acts 56th
Legislature, Regular Session,
1959, Chapter 63, page 116.

Dear Mr. Blount:

You have requested our opinion with regard to the effect of the provisions of House Bill 264, Acts 56th Legislature, Regular Session, 1959, Chapter 63, page 116, on the Anatomical Board.

The questions you present are as follows:

1. "Can this law be interpreted to include the Anatomical Board as a donee under the will of an individual?

2. "Can it be specified that the donee for an entire body must be the Anatomical Board?"

House Bill 264 provides in part as follows:

"Section 1. Any inhabitant of this State of legal age and of sound mind may by his will or by other written instrument arrange for or prescribe for the disposition to be made, after death, of his body, or any organ, member, or part thereof, provided the same is for the purpose of advancing medical science or for the replacement or rehabilitation of diseased or worn-out organs, members, or parts of the bodies of living humans.

"Sec. 2. Any such bequest, donation, authorization or consent made pursuant to Section 1 of this Act shall be by written instrument signed by the person making or giving the same and shall be witnessed by two (2) persons of legal age. Each instrument may designate the donee, but such designation shall not be necessary to its validity. A donee may be an individual, hospital, institution, or a bank maintained for the storage, preservation, and use of human bodies or the organs, members, or parts thereof. If no specific donee is named in such instrument, then the hospital in which the donor dies shall be considered to be the donee, and if such donor does not die in a hospital, then the attending physician shall be considered to be the donee; and such hospital or physician shall have full authority to take and remove said body or the organs, members, or parts thereof which such donor has designated and to make the same available to any person or institution in need thereof. Where a donee is named in such instrument, any duly licensed physician acquiring possession or custody of the body shall have the authority to remove from the body the organs, members, or parts thereof which the donor has designated and to deliver the same, or where so designated, the entire body, to the named donee. The hospital or physician shall not be liable civilly or criminally for removing said organs or any part thereof from the body, providing the donor has, prior to death, executed a valid written agreement as provided herein. No appointment of administrator, executor, or court order shall be necessary before the removal of said organs."

At common law there is no right of property in the dead body of a human being. The courts do recognize and protect the right to preserve the remains and bury the corpse but in the absence of a statute this is the only right one may have in a dead body. Love v. AEtna Casualty & Surety Co., 99 S.W.2d 646 (Tex.Civ.App. 1936), affirmed 132 Tex. 280, 121 S.W.2d 986 (1938); Burnett v. Surratt, 67 S.W.2d 1041 (Tex.Civ.App. 1934, error refused); Curlin v. Curlin, 228 S.W. 602 (Tex.Civ.App. 1921, no writ history); Foster v. Foster, 220 S.W. 215 (Tex.Civ.App. 1920, no writ history); Wren v. Texas & Pacific R. Co., 144 S.W. 682 (Tex.Civ.App. 1912, no writ history).

The purpose of House Bill 264 was to change the common law by creating a property right in the entire body or part thereof which can be transferred at the death of the donor by will or other instrument. However, the transfer must be in the manner and for the purposes prescribed in this statute.

Prior to the passage of House Bill 264 the only statutes pertaining to property rights in dead bodies were Articles 3583 through 3590 of Vernon's Annotated Texas Civil Statutes. These Articles relate to the functions, powers and duties of the Anatomical Board.

Article 4583 of Vernon's Annotated Texas Civil Statutes reads in part as follows:

"The professor of anatomy and the professor of surgery of each of the medical schools or colleges now incorporated, and of the several medical and dental schools and colleges which may hereafter be incorporated in this State are constituted a board, to be known as the Anatomical Board of the State of Texas, for the distribution and delivery of dead human bodies, hereinafter described, to and among such institutions as, under the provisions of this law, are entitled thereto. . . ." (Emphasis ours)

It will be noted from the above quoted language that the purpose of the Anatomical Board is to distribute and deliver dead human bodies, but only those "dead human bodies hereinafter described." This language has reference to Article 4584 of Vernon's Annotated Texas Civil Statutes which we quote in part:

"All public officers, agents, and servants, and all officers, agents and servants of any county, city, town, district or other municipality, and of any and every almshouse, prison, morgue, hospital, or any other public institution, having charge or control of dead human bodies required to be buried at public expense are hereby required . . . to announce to said board . . . whenever such body or bodies come into his or their possession, charge or control, and shall . . . deliver such body or bodies, and permit the said board and its agents and the physicians and surgeons, from time to time designated by them who may comply with the provisions of this law, to take and remove all such bodies as are not desired for post mortem examination by the medical staff of public hospitals or institutions for the insane, to be used within this State for the advancement of medical science; . . ." (Emphasis ours)

It is a well established general rule that administrative boards or agencies created by statute derive their powers and authority from legislative enactment and have only such powers as are expressly granted by statute. Volume 1, Texas Jurisprudence Supplement, page 97, Administrative Law and Procedure, Section 8.

The only bodies that the statutes authorize the Anatomical Board to receive and distribute are those dead human bodies required to be buried at public expense.

Therefore, in answer to your first question, it is our opinion that the Anatomical Board cannot be a donee under a will or other instrument pursuant to the provisions of House Bill 264, Acts 56th Legislature, Regular Session, 1959, Chapter 63, page 116.

Consequently your second question must necessarily be answered in the negative; since the Anatomical Board cannot be a donee under this law, it certainly cannot be said that the donee for an entire body must be the Anatomical Board.

## SUMMARY

The purpose of House Bill 264, Acts 56th Legislature, Regular Session, 1959, Chapter 63, page 116 was to create a property right in dead human bodies that can be transferred at the death of the donor by will or other instrument; the Anatomical Board is authorized to receive and distribute only those dead human bodies required to be buried at public expense; therefore, the Anatomical Board cannot be a donee under this law, nor can it be specified that the Board must be the donee of an entire body under House Bill 264.

Yours very truly,

WILL WILSON
Attorney General of Texas

By W. O. Shultz
W. O. Shultz
Assistant

WOS:me

APPROVED

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

B. H. Timmins, Jr.
L. P. Lollar
Ralph Rash
J. Arthur Sandlin

REVIEWED FOR THE ATTORNEY GENERAL
BY:  W. V. Geppert