ROBERTSON, Presiding Judge.
Robert N. McClung (“the contestant”) contested the will of Thelma Easter, executed in October 1989, in the Jefferson County Probate Court. The contestant alleged that the will was the result of fraud and undue influence and that Mrs. Easter had lacked testamentary capacity. On motion of the proponent of the will, R. Clay McClung, the case was transferred to the Jefferson County Circuit Court on May 17, 1995. On May 24, 1995, the proponent moved for a summary judgment.
On July 3, 1996, the trial court denied the proponent’s motion for a summary judgment by an entry on the case action summary sheet. In pertinent part, that entry stated:
“Upon receipt of medical records from attorney for contestant, this writer finds those records submitted by proponent are in direct conflict with records received by contestant. Specifically, Dr. Hawley, Mrs. Easter’s physician for many years, reports in October of 1990 that Mrs. Easter has ‘senile dementia,’ which she has had for at least one year.”
On August 5,1996, the proponent renewed his motion for a summary judgment. In support of the renewed motion for summary judgment, the proponent submitted the deposition and affidavit of Dr. Hawley, in which the doctor indicated that although he did not personally recall treating Mrs. Easter, a review of his notes allowed him to detail a number of medical conditions suffered by Mrs. Easter and the medications and treatments she received. The doctor also discounted his reference to senile dementia in Mrs. Easter’s medical records as a “vague and misleading entry.”
In response to the renewed summary judgment motion, the contestant presented medical evidence from another physician as to the deleterious effect of the various medications taken by Mrs. Easter on her mental capacity. In addition, the contestant submitted affidavits from family members who had observed Mrs. Easter’s mental condition to be erratic during the time period when she executed the will.
On January 28, 1997, the trial court entered a summary judgment for the proponent. The contestant appealed to the Supreme Court of Alabama, and that Court transferred the appeal to this court, pursuant to § 12-2-7, Ala.Code 1975.
On appeal, the contestant argues that the trial court’s summary judgment is incorrect because, he says, he presented substantial evidence creating a genuine issue of material fact concerning Mrs. Easter’s testamentary capacity.
The standard of review applicable to a summary judgment is clear. In Allen v. Sconyers, 669 So.2d 113 (Ala.1995), a will contest case with facts similar to those of this case, our Supreme Court stated:
“On a motion for summary judgment, the burden is initially on the movant to make a prima facie showing that there is no genuine issue of material fact (i.e., that *32 there is no dispute as to any material fact) and that the movant is entitled to a judgment as a matter of law. Rule 56, Ala. R.Civ.P.; McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957 (Ala.1992); Elgin v. Alfa Corp., 598 So.2d 807 (Ala.1992). ‘The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact.’ McClendon, at 958; Elgin, at 810-11.
“Rule 56 is read in conjunction with the ‘substantial evidence rule,’ § 12-21-12, Ala.Code 1975, for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). In order to defeat a defendant’s properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). When reviewing a summary judgment, this Court considers the record in a light most favorable to the nonmovant and resolves all reasonable doubts against the movant. Carter v. Innisfree Hotel, Inc., 661 So.2d 1174 (Ala.1995).”
669 So.2d at 115.
Testamentary capacity is a question of fact. Allen, supra; see also Cleveland v. Central Bank, 574 So.2d 741 (Ala.1990). Viewing the record in a light most favorable to the contestant, we conclude that the contestant presented substantial evidence creating a genuine issue of material fact, i.e., whether Mrs. Easter had the testamentary capacity to execute the will in question. The statements in Dr. Hawley’s affidavit and deposition that qualify the diagnosis of senile dementia made in his October 1990 notes, while competent evidence, do not eliminate the question of fact as to Mrs. Easter’s mental condition.[1]
Our conclusion that there was substantial evidence creating a question of fact about testamentary capacity is further supported by the other evidence of Mrs. Easter’s mental condition presented by the contestant. Under these circumstances, the question of Mrs. Easter’s testamentary capacity is for the trier of fact. The summary judgment is therefore reversed, and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
YATES, CRAWLEY, and THOMPSON, JJ., concur.
MONROE, J.,. concurs in the result.

. The rule precluding inconsistent testimony from establishing a genuine issue of material fact applies only to the testimony of parties, not to the testimony of witnesses, such as Dr. Hawley. Yarbrough v. Sears, Roebuck & Co., 628 So.2d 478, (Ala.1993); Tittle v. Alabama Power Co., 570 So.2d 601 (Ala.1990).