821 So.2d 169 (2001)
Linda COTTINGHAM
v.
James John McKEE, as personal representative of the Estate of John Curtis Cottingham, Deceased.
1000503.
Supreme Court of Alabama.
September 7, 2001.
Specially Concurring Opinion on Denial of Rehearing November 9, 2001.
*170 Jack E. Swinford of Hayes, Swinford, Dummier & Stanford, P.C., Talladega, for appellant.
Maxwell H. Pulliam of Christian & Small, L.L.P., Birmingham, for appellee.
STUART, Justice.
Linda Cottingham, the mother of John Curtis Cottingham, deceased, appeals from a partial summary judgment in favor of James John McKee, as personal representative of her son's estate, directing that her son's body be cremated in accordance with a provision in his will.
John Cottingham executed a will on May 1, 1996. Part I of his will expressly states: "It is my wish and I direct that my body shall be cremated after my death." On March 14, 1999, he died, and arrangements were made in the presence of his parents and McKee to cremate the body. His mother, however, objected to the arrangements, intervened, and had the body buried.
On April 29, 1999, the probate court issued letters testamentary to McKee. On July 28, 1999, McKee petitioned the probate court, seeking an order to exhume and cremate the body. In support of his petition, McKee attached a copy of Cottingham's will and affidavits from four friends or acquaintances of Cottingham to whom he had expressed his desire that his body be cremated. In September 1999, the mother filed a will contest in the Jefferson County Probate Court, alleging that when her son executed the will he was mentally incompetent and that he had been unduly influenced by McKee, who was a beneficiary under the will. Additionally, she requested that the matter be removed to the circuit court. See § 43-8-198, Ala.Code 1975. On September 19, 1999, the will contest was removed to the circuit court. On August 11, 2000, McKee moved for a summary judgment on his petition seeking exhumation and cremation of the body. The mother filed a motion in opposition to summary judgment, arguing that, as the next of kin, she controlled the disposition of the body. To support her argument, she attached affidavits from three funeral home directors who stated that common industry practice in Alabama is to honor the wishes of the deceased's next of kin when there is a conflict between the wishes of the deceased and those of the next of kin with regard to the disposition of the body.
The circuit court reviewed the submissions of the parties and entered a partial summary judgment for McKee on his request that the body be exhumed and cremated; it ordered that the body be exhumed and cremated. Additionally, the circuit court noted that the "will contest" remained pending. Subsequent to these rulings, the parties agreed that proceedings on the will contest would be required only if an appellate court held that the *171 right to determine the disposition of a body belongs to the decedent and not to the next of kin. The circuit court certified the partial summary judgment as final pursuant to Rule 54(b), Ala.R.Civ.P. The mother appealed.
"`On a motion for summary judgment, the burden is initially on the movant to make a prima facie showing that there is no genuine issue of material fact (i.e., that there is no dispute as to any material fact) and that the movant is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.; McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957 (Ala.1992); Elgin v. Alfa Corp., 598 So.2d 807 (Ala.1992). "The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact." McClendon, at 958; Elgin, at 810-11.
"`Rule 56 is read in conjunction with the "substantial evidence rule," § 12-21-12, Ala.Code 1975, for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). In order to defeat a defendant's properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). When reviewing a summary judgment, this Court considers the record in a light most favorable to the nonmovant and resolves all reasonable doubts against the movant. Carter v. Innisfree Hotel, Inc., 661 So.2d 1174 (Ala.1995).'
"[Allen v. Sconyers,] 669 So.2d [113] at 115 [ (Ala.1995) ]."
McClung v. McClung, 709 So.2d 30, 31-32 (Ala.Civ.App.1997).
Our research indicates that Alabama courts have not addressed the question of who has the right of possession of a dead body for the purpose of preservation and burial. Unlike other states, Alabama does not have a statute addressing the custody of the remains of deceased persons. See Conn. Gen.Stat. § 45-253 (1991); N.J. Stat. Ann. 8A:5-18 (West 1996); and Cal. Health & Safety Code § 7100 (West 1970)(stating the rights and obligations concerning disposition of dead bodies).
A majority of states have adopted the standard that the right to possession of a body for the purpose of burial belongs to the surviving spouse or the next of kin, in the absence of any testamentary disposition. However, "the wishes of a decedent in respect of the disposition of his remains are paramount to all other considerations," including the next of kin. In re Eichner's Estate, 173 Misc. 644, 644, 18 N.Y.S.2d 573, 573 (1940). Moreover, "[a] person's expressed wish or direction as to the disposal of her body after death is entitled to respectful consideration by the court and should be carried out as far as possible. 22 Am.Jur.2d, Dead Bodies, § 12; 25A C.J.S. Dead Bodies, § 3. p. 494." Tkaczyk v. Gallagher, 26 Conn.Supp. 290, 292, 222 A.2d 226, 227 (1965).
The Alabama Legislature has established that "[t]he intention of a testator as expressed in his will controls the legal effect of his dispositions." § 43-8-222, Ala. Code 1975. "In Alabama the law is well settled that `the intention of the testator is always the polestar in the construction of wills, and that the cardinal rule is to give that intention effect if it is not prohibited by law.'" Hansel v. Head, 706 So.2d 1142, 1144 (Ala.1997), quoting deGraaf v. Owen, 598 So.2d 892, 895 (Ala.1992). "To determine *172 the intent of a testator or testatrix, the court must look to the four corners of the instrument, and if the language is unambiguous and clearly expresses the testator's or testatrix's intent, then that language must govern." Born v. Clark, 662 So.2d 669, 671 (Ala.1995). Therefore, if a testator unambiguously expresses in his will how his body is to be disposed of, it is incumbent upon the executor and the court to honor the testate's wishes.
Here, Cottingham's will clearly states his wish to be cremated. The direction is reasonable, practical, and capable of performance; therefore, the desire of the testator must be given effect. The court did not err in entering a judgment to enforce the direction in the will. The summary judgment is affirmed.
AFFIRMED.
HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, and WOODALL, JJ., concur.

On Application for Rehearing
STUART, Justice.
APPLICATION OVERRULED.
HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, and WOODALL, JJ., concur.
MOORE, C.J., concurs specially.
MOORE, Chief Justice (concurring specially).
I concur with this Court's decision to overrule the application for rehearing, but I write to clarify what I understand will now happen in the trial court. This Court has affirmed the partial summary judgment. Apparently, the decedent's mother is contesting the will on only one issue whether her son should be cremated or buried. The mother claims that her son was mentally incompetent when he executed the will, which includes a provision that his body be cremated; that McKee had unduly influenced him in making the will; and that the will is therefore invalid. The mother has already buried her son, and McKee seeks an order of exhumation from the trial court. Stating that the will's language was clear as to disposition of the decedent's body, the trial court entered a partial summary judgment in the will contest, determining that the will, and not the next of kin, controlled the disposition of the body.
However, the trial judge, in his summary-judgment order, stated that the will-contest portion of the case remains pending. That statement makes perfect sense, especially in light of the agreement of the parties, which the trial judge refers to in his Rule 54(b) certification of the partial summary judgment:
"This case involves an issue of law which the Alabama courts have not previously decided: does a decedent have the right to direct the disposition of his last remains or does his next-of-kin have that right?
"This court determined that such right belongs to the decedent and may be enforced by his executor. If the appellate court affirms that conclusion, then there will be an issue as to the validity of the will of the decedent. If the appellate court determines that the right belongs to the next-of-kin, then the validity of the will becomes irrelevant to this issue.
"The parties and the court have agreed that it would not be necessary to try the will contest if the partial summary judgment should be reversed on appeal. If the partial summary judgment should be affirmed then this court would try the will contest."

(Emphasis added.)
Now that this Court has affirmed the partial summary judgment entered by the *173 trial court, it is my understanding that, before exhumation or cremation occurs, the will contest will proceed as intended by the defendant, the decedent's mother.
I agree with the majority that the will, if determined in the will contest to be valid, should control the disposition of the decedent's body. If, however, the will is determined to be invalid, then the body should rest undisturbed.