# NO. 12-12-00248-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE ESTATE OF* | § | *APPEAL FROM THE* |
| *THOMAS C. WOODS,* | § | *COUNTY COURT AT LAW* |
| *DECEASED* | § | *RUSK COUNTY, TEXAS* |

## *OPINION*

This appeal concerns the right to dispose of the ashes of the body of the decedent, Thomas C. Woods. His surviving wife, Ann Woods, appeals the decision of the trial court allowing Curtis Woods, a son of the decedent's first marriage, to dispose of the cremains in his capacity as independent executor. We reverse and render.

## BACKGROUND

Thomas's first wife, Irene, died in 1999. Thomas and Ann were married in 2000. In January 2012, Thomas filed for divorce from Ann. Thomas died on May 23, 2012, and no final divorce decree had been rendered. Thomas left a will dated November 3, 2011, naming Curtis as his independent executor. Ann contested the will, contending that Thomas was not competent at the time he executed it.

A hearing was held to determine who would control the disposition of Thomas's cremains. Both Ann and Curtis acknowledge that Thomas wanted to be cremated and wanted his cremains buried next to Irene in a family plot in a Houston cemetery. However, Thomas left no writing specifying who would control the disposition of his ashes following his cremation. Both Curtis and Ann wanted that responsibility. Thus, the disagreement between Curtis and Ann concerned who would conduct the ceremony to bury the cremains. Thomas's will was admitted to probate, and Curtis was appointed independent executor. The trial court ordered that

Thomas's cremains be delivered to Curtis, in his capacity as independent executor, for disposition. This appeal followed.

**DISPOSITION OF CREMAINS**

In her second issue, Ann contends that the trial court erred in ordering Curtis, as the independent executor of Thomas's will, to control the disposition of his cremains. Relying on Texas Health and Safety Code Section 711.002, she argues that the will did not constitute legal authority for the trial court's ruling. Rather, she contends, the statute gives her, as the surviving spouse, preference to control the disposition of Thomas's cremains.

**Standard of Review**

Statutory construction is a legal question, which we review de novo. ***Tex. Lottery Comm'n v. First State Bank of DeQueen***, 325 S.W.3d 628, 635 (Tex. 2010); ***City of Rockwall v. Hughes***, 246 S.W.3d 621, 625 (Tex. 2008). In construing statutes, our primary objective is to give effect to the Legislature's intent. ***Tex. Lottery Comm'n***, 325 S.W.3d at 635. Where the text is clear, the text is determinative of that intent. ***Entergy Gulf States, Inc. v. Summers***, 282 S.W.3d 433, 437 (Tex. 2009). We construe the statute's words according to their plain and common meaning. ***City of Rockwall***, 246 S.W.3d at 625. In construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters, the object sought to be attained, circumstances under which the statute was enacted, legislative history, and the common law or former statutory provisions, including laws on the same or similar subjects. TEX. GOV'T CODE ANN. § 311.023(1)-(4) (West 2013). We presume that the Legislature was aware of existing law and acted with reference to it. ***Acker v. Tex. Water Comm'n***, 790 S.W.2d 299, 301 (Tex. 1990).

**Discussion**

Ann contends that Curtis's lack of authority is established by Section 711.002(a) of the Texas Health and Safety Code, which states as follows:

> (a)  Except as provided by Subsection (l), unless a decedent has left directions in writing for the disposition of the decedent's remains as provided in Subsection (g), the following persons, in the priority listed, have the right to control the disposition, including cremation, of the decedent's remains, shall inter the remains, and are liable for the reasonable cost of interment:
>
> > (1)  the person designated in a written instrument signed by the decedent;
> > (2)  the decedent's surviving spouse;

2

(3) any one of the decedent's surviving adult children;
(4) either one of the decedent's surviving parents;
(5) any one of the decedent's surviving adult siblings; or
(6) any adult person in the next degree of kinship in the order named by law to inherit the estate of the decedent.

TEX. HEALTH & SAFETY CODE ANN. § 711.002(a) (West Supp. 2012).  Curtis and Ann agree that Thomas did not provide written directions for the disposition of his cremains in his will, in a prepaid funeral contract, or in a written instrument signed and acknowledged by him.  *See id*. § 711.002(g).  Further, Ann had not been charged with a crime in connection with Thomas's death, which would have disqualified her from controlling the disposition of Thomas's cremains. *See id*. § 711.002(l).

Curtis, an adult child of the decedent, contends that the trial court had discretion to award him the right to control the disposition of the decedent's cremains pursuant to subsection (k) of Section 711.002, which states in pertinent part, that

> [a]ny dispute among any of the persons listed in Subsection (a) concerning their right to control the disposition, including cremation, of a decedent's remains shall be resolved by a court of competent jurisdiction.

*Id*. § 711.002(k).  In support of his argument that the trial court did not abuse its discretion by giving him the right to control the disposition of his father's cremains, Curtis cites to ***Burnett v. Surratt***, 67 S.W.2d 1041 (Tex. Civ. App.—Dallas 1934, writ ref'd).  There, the sister of the deceased's first wife, a business associate, and a longtime friend challenged the estranged wife of the deceased for control of the decedent's remains.  *Id*. at 1042.  The trial court determined that the disposition of the remains should be made by the deceased's first wife's sister, the decedent's business associate, and the decedent's longtime friend.  The appellate court affirmed the trial court's judgment based upon principles of equity.  *Id*. at 1042-43.  The court's opinion is dated February 3, 1934, and rehearing was denied February 10, 1934.

The 43rd Legislature for the State of Texas was in special session from the dates of January 29, 1934, to February 27, 1934.  During this special session, on February 22, 1934, by a vote of 105 to 7, the House of Representatives passed Article 928, which stated in pertinent part as follows:

3

Article 928. Duty of Interring and Right to Control Disposition of Remains. The right to control the disposition of the body of a deceased person, unless other directions shall have been made therefor by the deceased, shall be vested in, and the duty of interment and the liability for the reasonable cost of the interment of such deceased person shall devolve upon, his or her surviving wife or husband, or if there be no surviving wife or husband they shall vest in and devolve upon the surviving child or children of deceased, or if there be no surviving husband or wife or child of deceased, they shall vest in and devolve upon the surviving parent or parents of such deceased, or if there be no surviving husband or wife or child or parent of such deceased they shall vest in and devolve upon the person or persons respectively in the next degrees of kindred in the order named by the laws of Texas as entitled to succeed to the estate of said deceased.

Act of February 27, 1934, 43rd Leg., 2d C.S., ch. 66, §1, 1934 Tex. Gen. & Spec. Laws 146, 157-58. The Senate passed Article 928 by vote of 23 to 0 on February 27, 1934, just over three weeks after the Dallas Court of Appeals issued its opinion in **Burnett**. The law became effective March 15, 1934.

In 1945, the 49th Legislature recodified the statute, retaining the original priority designation in the right to control the disposition of the body of a deceased person. Act of 1945, 49th Leg. 2d C.S., ch. 340, § 20, 1945 Tex. Gen. Laws 570. In 1989, the Legislature recodified this law under Section 711.002 of the Health and Safety Code. Act of May 18, 1989, 71st Leg., ch. 678, § 1, 1989 Tex. Gen. Laws 2230, 3002. This statute has been amended by the Legislature during its regular sessions in the years 1991, 1993, 1997, 1999, and 2011. *See* TEX. HEALTH & SAFETY CODE ANN. § 711.002 (West. Supp. 2012).

During the 73rd Legislature's regular session in 1993, House Bill 1213 was introduced to amend Section 711.002 of the Health and Safety Code. The House Committee on Investments and Banking considered various amendments to H.B. 1213. The committee heard testimony describing a recent situation involving an estranged spouse's refusal to make funeral arrangements and the funeral home's reluctance to work with the deceased's children in light of the spouse's statutory priority. Hearings on Tex. H.B. 1213 Before the House Comm. on Investments and Banking, 73rd Leg., R.S. 9-10 (April 6, 1993) (transcript available from Legislative Reference Library). However, the 73rd Legislature made no change in the priority of individuals having authority to dispose of a decedent's remains. Act of May 24, 1993, 73rd Leg., R.S., ch. 634, § 2, 1993 Tex. Gen Laws 2381, 2382.

This history of the statute going back to 1934 shows that the Legislature has steadfastly adhered to its established priority of individuals who are to dispose of the remains of the deceased in the absence of specific instructions by the decedent. *See* TEX. HEALTH & SAFETY

CODE ANN. § 711.002(a). The priorities established by the Legislature in a special session in 1934 have remained intact to this day as the law of the State of Texas. The independent executor of the deceased's estate is not listed in this exclusive priority list. *Id*. Accordingly, we hold the trial court erred when it awarded the right to control Thomas's cremains to Curtis in his capacity as independent executor.

Curtis's contention that the trial court had the authority to award the decedent's ashes to him as his son is misplaced. In Texas, marriage may be terminated only by death or court decree. *In re Marriage of Wilburn*, 18 S.W.3d 837, 840 (Tex. App.—Tyler 2000, no pet.). Although they were estranged, Thomas was still married to Ann on the date of his death. A surviving spouse, even one who is separated from the deceased spouse at death, retains the status afforded by the marriage relationship. *See Corgey v. McConnell*, 260 S.W.2d 99, 102 (Tex. Civ. App.—El Paso 1953, no writ). Case law has emphasized that the widow has the paramount right to designate the place and manner of burial. *Samsel v. Diaz*, 659 S.W.2d 143, 144 (Tex. App.—Corpus Christi 1983, no writ). Ann, as Thomas's widow, had priority ahead of his son Curtis to dispose of his cremains. The intent of the Legislature, as reinforced by case law, is clear. *Entergy Gulf States, Inc.*, 282 S.W.3d at 437. We hold that a surviving spouse, even if estranged from the deceased, has priority to dispose of the deceased's cremains, over a child of the deceased. We sustain Ann's second issue. We need not address Ann's first issue. *See* TEX. R. APP. P. 47.1.

### DISPOSITION

Having held that the trial court erred in awarding disposition of the deceased's cremains to Curtis Woods, we *reverse* the judgment of the county court at law and *render* judgment ordering that the cremains of Thomas C. Woods be placed in the possession of Ann Woods to conduct a proper burial according to the decedent's wishes.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered May 22, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 22, 2013**

## NO. 12-12-00248-CV

### IN THE ESTATE OF THOMAS C. WOODS, DECEASED

Appeal from the County Court at Law
of Rusk County, Texas. (Tr.Ct.No. 12-062-P)

THIS CAUSE came to be heard on the oral arguments, appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and judgment **rendered** ordering that the cremains of Thomas C. Woods be placed in the possession of **ANN WOODS** to conduct a proper burial according to the deceased's wishes; and that all costs of this appeal are hereby adjudged against the Appellee, **CURTIS WOODS**, in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

# THE STATE OF TEXAS
# M A N D A T E

**********************************************

**TO THE COUNTY COURT AT LAW of RUSK COUNTY, GREETING:**

Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 22nd day of May, 2013, the cause upon appeal to revise or reverse your judgment between

**IN THE ESTATE OF THOMAS C. WOODS, DECEASED**

**NO. 12-12-00248-CV; Trial Court No. 12-062-P**

Opinion by James T. Worthen, Chief Justice.

was determined; and therein our said Court made its order in these words:

"THIS CAUSE came to be heard on the oral arguments, appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and judgment **rendered** ordering that the cremains of Thomas C. Woods be placed in the possession of **ANN WOODS** to conduct a proper burial according to the deceased's wishes; and that all costs of this appeal are hereby adjudged against the Appellee, **CURTIS WOODS**, in accordance with the opinion of this court; and that this decision be certified to the court below for observance."

**WHEREAS, WE COMMAND YOU** to observe the order of our said Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things have it duly recognized, obeyed, and executed.

**WITNESS, THE HONORABLE JAMES T. WORTHEN**, Chief Justice of our Court of Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler, this the _____ day of _____, 201____.

CATHY S. LUSK, CLERK

By:_____
    Deputy Clerk

7