THOMAS, Judge.
On October 21, 2013, K;L.C. (“the mother”) gave birth to A.E.L. (“the child”). The mother and the child lived with the mother’s grandmother, whose name does not appear in the record, C.L.M. (“the great-aunt”) first visited with the child at Christmas 2013. She said that she began keeping the child periodically at that time. C.KL. (“the grandfather”), who is the great-aunt’s brother, and his wife, L.L. (“the stepgrandmother”), also cared for the child periodically.
The mother and the mother’s grandmother had a falling out, and the mother moved from her grandmother’s residence. The mother also began abusing drugs. In February 2Í314, the mother was arrested, and the great-aunt filed in the Mobile Juvenile Court a dependency petition, in which the great-aunt also sought an award of custody of the child; the great-aunt’s petition was assigned case number JU-14-158.02. The grandfather and stepgrand-mother filed a dependency petition in the juvenile. court two days after the great-aunt filed her petition;, the grandfather and stepgrandmother’s petition was assigned case number JU-14-158.02. The juvenile court awarded pendente lite’ joint custody of the child to the great-aúnt and the grandfather and stepgrandmother in March 2014. Under the pendente lite custody order, the great-aunt arid the grandfather and the stepgrandmother alternated custody on a weekly basis. The mother filed a petition seeking the return of'the child to her custody in June 2014; that petition was assigned case number JU-14-•158.03.
. The juvenile court held a trial on all three petitions on October 15, 2014, after which it entertained the written recommendation of the child’s guardian ad litem and written responses to the recommendation by the parties. A dispositional hearing was held on January 21, 2015. The juvenile court entered judgments on January 21, 2015, finding the child to be dependent and awarding cust9dy of the child to the great-aunt. After the grandfather’s postjudgment motions were denied, he timely appealed the judgments entered in case numbers JU-14-158.01 and JU-14-158.02 to this court.[1],[2]
*20 On appeal, the grandfather makes one argument to support reversal of the juvenile court’s judgments. He argues that the juvenile court erred by awarding custody of the child to the great-aunt because, he contends, Ala.Code 1975, § 12-15-314(a)(3)c., should be read to provide him priority over the great-aunt regarding custody of the child. According to the grandfather, he should be considered to have a greater preference to custody under § 12-15-314(a)(3)c. than the great-aunt because of his closer degree of kinship to the child. To address the grandfather’s argument, we must construe § 12-15-314(a)(3)c.
The rules governing construction of a statute are well settled.
“It is [an appellate court’s] responsibility to give effect to the legislative intent whenever that intent is manifested. State v. Union Tank Car Co., 281 Ala. 246, 248, 201 So.2d 402, 403 (1967). When interpreting a statute, this Court must read the statute as a whole because statutory language depends on context; we will presume that the Legislature knew the meaning of the words it used when it enacted the statute. Ex parte Jackson, 614 So.2d 405, 406-07 (Ala.1993)_ Furthermore, we must give the words in a statute their plain, ordinary, and commonly understood meaning, and where plain language is used we must interpret it to mean exactly what it says. Ex parte Shelby County [Health] Care Auth., 850 So.2d 332 (Ala.2002).”
Bean Dredging, L.L.C. v. Alabama Dep’t of Revenue, 855 So.2d 513, 517 (Ala.2003).
Section 12-15-314 reads, in pertinent part:
“(a) If a child is found to be dependent, the juvenile court may make any of the following orders of disposition to protect the welfare of the child:
[[Image here]]
“(3) Transfer legal custody to any of the following:
[[Image here]]
“c. A relative or other individual who, after study by the Department of Human Resources, is found by the juvenile court to be qualified to receive and care for the child. Unless the juvenile court finds it not in the best interests of the child, a willing, fit, and able relative shall have priority for placement or custody over a non-relative.”
The term “relative” is defined in Ala.Code 1975, § 12-15-301(11), as “[a]n individual who is legally related to the child by blood, marriage, or adoption within the fourth degree of kinship, including only a brother, *21 sister, uncle, aunt, first cousin, grandparent, great grandparent, great-aunt, great-uncle, great great grandparent, niece, nephew, grandniece, grandnephew, or a stepparent.”
As pointed out by the great-aunt, § 12-15-314(a)(3)c. does not contain language indicating that the juvenile court is to give priority to any particular relative over any other relative. The only priority established by § 12-15-314(a)(3)c. is one preferring a relative of the child over a nonrelative. The great-aunt contends that the grandfather would have this court en-graft language onto the statute, which, she says, would violate the principles of statutory construction. See Gulf Stevedore Corp. v. Rabren, 286 Ala. 482, 484-85, 242 So.2d 386, 388 (1970) (stating that adding or engrafting a word onto a statute to reach a particular conclusion “would be to rewrite it, which, of course, we have no right to do”).
The grandfather contends that McRae v. Booth, 938 So.2d 432 (Ala.Civ.App.2006), supports a conclusion that "it is appropriate to extend construction of [§ 12-15-314(a)(3)c. to grant priority among relatives] according to the degree of kinship.” We cannot agree. The main opinion in McRae was concurred in by only two judges of this court, and it concluded that Ala.Code 1975, § 34-13-11, which governs funeral homes and which lists in order of priority those persons who may authorize and direct the disposition of the remains of a deceased person, did not apply to determine which of two persons of the same degree of kinship, specifically, the two living children of the deceased, should have the right to determine the appropriate disposition of their deceased parent. McRae, 938 So.2d at 434. In concluding that § 34-13-11 did not provide a basis for deciding which of the siblings could direct the disposition of the deceased’s remains, the main opinion stated that “a contest between parties who were in differing degrees of kinship to a decedent during his or her lifetime might be decided by reference to” § 34—13—11 because it sets out, for example, that a spouse would have priority over the surviving children or surviving parents of the deceased in determining the disposition of a deceased’s remains. Id.; see also § 34-13-11(a)(3), (4), and (5). We fail to see how this statement in McRae, which is dicta, supports a conclusion that § 12-15-314(a)(3)c., which does not state any priority among relatives based on degree of kinship, should be construed to create such a priority.
The grandfather further contends that § 12-15-301(11), which defines the term “relative,” somehow indicates a priority based on degree of kinship because of the order in which the relatives are listed in that statute. The list begins with “brother” and “sister” and concludes with “stepparent.” The stepparent of a child is related to that child by marriage within the first degree of kinship; thus, the list contained in § 12-15-301(11) is not in order by degree of kinship. Therefore, we reject the grandfather’s argument that § 12-15-301(11) creates a priority based on degree of kinship.
Nothing in the language used in § 12-15-314(a)(3)c. or in § 12-15-301(11) establishes a priority for placement or custody of a dependent child based on the degree of the kinship of a relative. The plain language of § 12-15-314(a)(3)c. will not support an attempt to create such a priority. Instead, the plain language of § 12-15-314(a)(3)c. authorizes the juvenile court to award custody or placement of a dependent child to any person who is deemed qualified to receive and care for the child, giving a preference to a relative over a nonrelative, unless the juvenile court determines that placement with the relative *22 would not be in the child’s best interest. Ultimately, the juvenile court’s decision regarding custody or placement is to be governed by. the best interest of the child. K.F. v. Cleburne Cnty. Dep’t of Human Res., 78 So.3d 983, 989 (Ala.Civ.App.2011).
The grandfather does not challenge the juvenile court’s custody judgment on any other ground. That is, he does not argue that the juvenile court’s judgment awarding custody to the great-aunt is not supported by the evidence or that the custody award is not in the child’s best interest; He has therefore' waived any such potential issues, and we will riot consider them. D.M. v. M.E., 71 So.3d 701, 708 (Ala.Civ.App.2011) (reiterating the rule that the failure to argue an issue in one’s appellate brief is a waiver of that issue). Accordingly, because we reject the grandfather’s sole argument on appeal—that § 12-15-314(a)(3)c. dictates that he be given priority over the great-aunt in the juvenile court’s custody determination — we affirm the judgments of the. juvenile court.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. The stepgrandmother was not mentioned in the postjudgment motions, and she is not listed as an appellant on the notice of appeal.

. The record contains a copy of a date-stamped postjudgment motion in both case number JU-14-158.01 and case number JU-14-158.02. The State Judicial Information System case-action summary sheet for case number JU-14-158.01 does not contain an entty indicating that a postjudgment motion was filed in that case, however. An order denying the postjudgment motion that was filed in case number JU-14-158.02 was entered on February 4, 2015, the day after the motion was tiled; no order denying the post-judgment motion was entered in case number JU-14-158.01. The grandfather filed his notice of appeal in both cases on February 13, 2014, within 14 days of the denial of his postjudgment motion in case number JU-14-158.02. Because the postjudgment motion in case number JU-14-158.01 was not denied by order, the motion was denied by operation of law on February 17, 2015. See Rule 1(B), Ala. R. Juv. P.; see also Rule 59.1, Ala. R. Civ. P. Thus, the notice of appeal, insofar as it related to case number JU-14-158.01, was held in abeyance until that date. See Rule 4(a)(5), Ala. R.App. P.